**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

DANIEL HILDEN,

   Petitioner,

vs.

UNITED STATES OF AMERICA,

   Respondent.

No. C09-4020-MWB
(No. CR07-4049-MWB)

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S § 2255 MOTION**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . 2
 *A. The Petitioner's § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . 2
 *B. The Petitioner's Charges, Plea, and Sentence* . . . . . . . . . . . . . . . . 3

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
 *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . 6
 *B. Evidentiary Hearing* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
 *C. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . 10
  *1. Applicable Standards* . . . . . . . . . . . . . . . . . . . . . 10
  *2. Failure to inform petitioner about right to appeal* . . . . . . . . 12
  *3. Failure to appeal consecutive sentences* . . . . . . . . . . . . . 13
  *4. Failure to object to criminal history* . . . . . . . . . . . . . . . 13
  *5. Failure to appeal sentencing disparity* . . . . . . . . . . . . . . 14
  *6. Jail credit* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
  *7. Meaningful adversary testing* . . . . . . . . . . . . . . . . . . 16
 *D. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . 17

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## I. INTRODUCTION AND BACKGROUND

### A. *The Petitioner's § 2255 Motion*

This case comes before the court pursuant to petitioner Daniel Hilden's *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (docket no. 1). Petitioner Hilden raises six grounds for relief in his motion. First, petitioner Hilden asserts that his counsel was ineffective for failing to inform him of his appeal rights. Second, petitioner Hilden asserts that his counsel was ineffective in not appealing the court's imposition of consecutive sentences. Third, petitioner Hilden alleges that his counsel was ineffective in failing to object to allegedly incorrectly assigned criminal history points in his Presentence Investigation Report ("PSR"), and that the court incorrectly sentenced petitioner Hilden based on these alleged criminal history points. Fourth, petitioner Hilden contends that his counsel was ineffective in failing to appeal on the ground that his co-defendant's lower sentence entitled him to be re-sentenced. Fifth, petitioner Hilden argues that the "Court failed to address the issue of 'jail credit' in its judgment." Finally, petitioner Hilden contends that his counsel "failed to subject any aspect of this case to fair adversarial testing. . ." With respect to the first issue, respondent argues that the record does not support petitioner Hilden's assertion that he was not informed of his right to appeal. Regarding the second issue, respondent contends that petitioner Hilden's counsel was not ineffective in not appealing the court's imposition of consecutive sentences because 18 U.S.C. § 924(c) and U.S.S.G. § 2K2.4 required that Hilden's sentences be run consecutively. Respondent contends that petitioner Hilden's second claim fails because his counsel did object to certain criminal history points in his PSR, and that the court did not miscalculate Hilden's criminal history but used the parties' agreed upon criminal history category in sentencing him. Concerning the fourth issue, respondent argues that the variation in sentences between Hilden and his co-defendant does

not warrant resentencing. Respondent asserts that petitioner Hilden's fifth claim, concerning "jail credit" must be pursued through administrative remedies first. Finally, on petitioner Hilden's sixth claim, respondent argues that the record contains ample evidence that defense counsel subjected the prosecution's case to meaningful adversarial testing.

## B. The Petitioner's Charges, Plea, and Sentence

On August 23, 2007, an indictment was returned in this case against petitioner Hilden, charging him with interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951, and possessing firearms in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The record reveals that the charges arose from Hilden's involvement with co-defendant Michael Puente, in the armed robbery of a Sioux City convenience store on March 18, 2007.[1] On January 15, 2008, petitioner Hilden pleaded guilty to Counts 1 and 2 of the indictment. During the plea hearing, the court specifically advised defendant Hilden that at sentencing he faced at least 84 months imprisonment for the crime charged in Count 2 and that any sentence the court imposed for the crime charged in Count 1 had to be served consecutive to the minimum 84 months he would receive for the charge in Count 2. Plea Tr. at 14-16.

---

[1] Defendant Puente was indicted on the same charges as petitioner Hilden, as well as a charge of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On May 9, 2008, the court sentenced defendant Puente to 19 months imprisonment on Counts 1 and 3, the sentences to run concurrent, and 84 months imprisonment on Count 2, the sentence on Count 2 to be served consecutive to the sentences on Counts 1 and 3, for a total sentence of 103 months imprisonment. In arriving at defendant Puente's sentence, the court granted the prosecution's oral U.S.S.G. §5K1.1 motion for substantial assistance and reduced defendant Puente's sentence on Counts 1 and 3 by 15 percent.

3

The United States Probation Office calculated petitioner Hilden's base offense level at 20. PSR at ¶ 17. Subtracting a three-level acceptance of responsibility reduction, pursuant to U.S.S.G. §§ 3E1.1(a) and (b), the probation office determined petitioner Hilden's total offense level to be 17. PSR at ¶¶ 23-27. The probation office determined that petitioner Hilden had seven criminal history points, placing him in Criminal History Category IV. PSR at ¶ 38. The advisory guideline range for someone with a total offense level of 17 and in Criminal History Category IV is 37 months to 46 months imprisonment.

After petitioner Hilden pled guilty and prior to sentencing, petitioner Hilden and his counsel agreed with the prosecution that Hilden's Criminal History Category IV assessment substantially under-represented his criminal history. As a result, petitioner Hilden and the prosecution stipulated to an upward departure from Criminal History Category IV to Criminal History Category VI. This resulted in changing the advisory guideline range from 37 to 46 months imprisonment to 51 to 63 months imprisonment. The parties agreed to a sentence at the top of the guideline range for the Count 1 charge, 63 months imprisonment. The parties' agreement and stipulated Criminal History Category VI did not alter the guideline range for the Count 2 charge because 18 U.S.C. § 924(c) required an 84 month minimum consecutive sentence.

On May 13, 2008, at the time of sentencing, the parties presented their stipulation to the court for its approval as a non-binding sentencing agreement which "would be a sufficient but not greater than necessary sentence." Sentencing Tr. at 2-3. In considering the parties' sentencing stipulation, the court and defense counsel engaged in the following colloquy:

> THE COURT: Well, I have no problem with the upward departure motion. I would have departed upward. The point is that the sentence you all have agreed on is the minimum

|               |                                                                                                                                                                                                                                                          |
|---------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|               | sentence I would have given, not the maximum sentence.  So--but–                                                                                                                                                                                         |
| MS. FORSYTH:  | May I address the issue, Your Honor?                                                                                                                                                                                                                     |
| THE COURT:    | Sure.                                                                                                                                                                                                                                                    |
| MS. FORSYTH:  | I have to say this is the first time I've ever agreed to any kind of upward departure, first of all.  I mean, I've been in front of Your Honor for probably ten years and now between private practice and the federal defender's office, and I had a sense just what you were saying. |
|               | We--I actually tried to negotiate a lower sentence which Mr. Fairchild doesn't mind me telling you.  But in this case I anticipated that Your Honor may want to go higher.  The parties have reached this agreement, and I guess my feeling is we're asking you to honor the agreement.  The government wasn't willing to go through the whole 11(c)(1)(C) process.  So I don't have a binding agreement here. |
|               | But my position was that, you know, knowing--having represented Mingo Flores knowing that in these kind of cases that Your Honor goes a lot higher, we're asking that you honor our agreement, and that's the only reason I agreed to any kind of upward departure.  I'm being totally candid with you, Judge. |
| THE COURT:    | I hear you.  I hear you.                                                                                                                                                                                                                                 |

5

> MS. FORSYTH: But that's where this came from. It's an unusual sort of agreement, but that's where it came from was the parties' desire to reach some kind of agreement we thought was reasonable just to ask you to please honor our agreement.
>
> THE COURT: I don't think it's unreasonable, but I don't think a higher sentence would be unreasonable either. But I know you want me to honor the agreement. I understand that.

Sentencing Tr. at 3-4.

Following further discussions with the parties, the court accepted the parties' sentencing agreement as reasonable and sentenced petitioner Hilden to 63 months imprisonment on Count 1 and 84 months imprisonment on Count 2, the sentences to be served consecutively, for a total sentence of 147 months imprisonment.[2] Petitioner Hilden did not appeal his sentence.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of petitioner Hilden's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

---

[2] On April 9, 2007, petitioner Hilden was charged in Nebraska state court with carrying a concealed weapon. PSR at ¶ 37. On June 13, 2007, petitioner Hilden was sentenced to 365 days imprisonment on the Nebraska state charge, with a projected release date of April 7, 2008. PSR at ¶ 37. At the time of his sentencing, petitioner Hilden had recently been released from custody by the State of Nebraska. Sentencing Tr. at 10-11.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*)

On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies

the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of petitioner Hilden's claims for § 2255 relief.

### B. *Evidentiary Hearing*

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 18 U.S.C. § 2255. *See also Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) ("A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'") (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)). Based on the reasons set forth below, the court finds that the record conclusively shows that petitioner Hilden is entitled to no relief and will, therefore, not hold a hearing in this case. *See id.*

9

## C. Ineffective Assistance Of Counsel

### 1. Applicable Standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). As noted above, in the discussion of procedural default, the Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See Hughes*, 330 F.3d at 1069 ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877

10

(8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 2. *Failure to inform petitioner about right to appeal*

Petitioner Hilden's first claim for § 2255 relief is that his counsel provided ineffective assistance by failing to inform him of his right to appeal. Respondent argues that the record contradicts Hilden's claim on this issue. The court agrees. At his sentencing, the court specifically informed petitioner Hilden of his right to appeal:

> Okay. So you have the right to appeal the sentence that I've imposed, Mr. Hilden. If you decide to appeal, you need to file a notice of appeal with the clerk of court within ten days from the date that I sign the--and file the judgment. If you can't afford to pay for a lawyer or pay the costs of an appeal, those costs will be paid on your behalf.

Sentencing Tr. at 17-18. Moreover, Hilden's counsel's affidavit, filed in Hilden's § 2255 case, indicates that just after the sentencing hearing, counsel conferred with her client to explain a possible appeal, and her client's appeal rights. *See* Forsyth Affidavit at ¶¶ 7-8, docket no. 11-2. Therefore, petitioner Hilden has not established that his counsel performed deficiently, as required to prove this ineffective assistance of counsel claim.

*Ledezma-Rodriguez*, 423 F.3d at 836 (an ineffective assistance of counsel claim requires proof of deficient performance by counsel); *see also Strickland*, 466 U.S. at 687. Petitioner Hilden is not entitled to relief on this claim.

### 3. *Failure to appeal consecutive sentences*

Petitioner Hilden's next claim for § 2255 relief is that his counsel provided ineffective assistance by failing to appeal the court's imposition of consecutive sentences. Respondent replies that petitioner Hilden's sentence for his § 924(c) conviction was required to run consecutive to the sentence he received for his Hobbs Act conviction. Federal courts are in agreement that consecutive sentencing under § 924(c) is mandated for using or carrying of a firearm in the commission of crime of violence and the violent crime itself. *See United States v. Hatcher*, 501 F.3d 931, 933-34 (8th Cir. 2007); *see also United States v. Chavez*, 549 F.3d 119, 135 (2nd Cir. 2008); *United States v. Roberson*, 474 F.3d 432, 434 (7th cir. 2007); *United States v. Walker*, 473 F.3d 71, 76-77 (3rd Cir. 2007); *United States v. Battle*, 289 F.3d 661, 667 (10th Cir. 2002). Therefore, counsel did not perform deficiently by failing to appeal the court's imposition of consecutive sentences in this case. *Ledezma-Rodriguez*, 423 F.3d at 836 (an ineffective assistance of counsel claim requires proof of deficient performance by counsel); *see also Strickland*, 466 U.S. at 687. Accordingly, petitioner Hilden is not entitled to relief on this claim.

### 4. *Failure to object to criminal history*

Petitioner Hilden also claims that his counsel was ineffective in failing to object to his being assigned criminal history points for previously dismissed charges. Respondent contends that the record does not support petitioner Hilden's claim. While the PSR does contain information regarding dismissed juvenile conduct and adult arrests by petitioner Hilden, *see* PSR at ¶¶ 39-45, the United States Probation Office did not assign any criminal history points for these dismissed charges. *See id*. Counsel is not required to

13

make frivolous objections to avoid a charge of ineffective representation. See *Clark v. Collins,* 19 F.3d 959, 966 (5th Cir.) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."), *cert. denied,* 513 U.S. 966 (1994); *see also Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000) (failure by counsel to do something that would have been futile is not ineffective assistance); *United States v. Arena*, 180 F.3d 380 (2d Cir. 1999) ("Failure to make a meritless argument does not amount to ineffective assistance."). Therefore, counsel did not perform deficiently by failing to object to the portions of the PSR concerning dismissed charges. Consequently, petitioner Hilden is not entitled to relief on this claim.

### 5. *Failure to appeal sentencing disparity*

Petitioner Hilden further contends that his counsel was ineffective in failing to appeal on the ground that his co-defendant's lower sentence entitled him to be re-sentenced. Respondent argues that differing sentences were warranted in this case due to significant differences between petitioner Hilden and his co-defendant Puente.

Petitioner Hilden's claim of sentence disparity is not a basis for relief under § 2255 because there is no reasonable probability that this claim would have been successful on appeal. *See United States v. Watson*, 480 F.3d 1175, 1177 n.3 (8th Cir.) ("We have repeatedly rejected this argument [that a defendant is entitled to a downward departure under the Guidelines in order to reduce the disparity between his sentence and a co-defendant's sentence]."), *cert. denied,* 128 S. Ct. 305 (2007); *United States v. Anderson*, 446 F.3d 870, 877 (8th Cir. 2006) ("[T]he district court correctly recognized that a sentencing disparity among co-defendants is not a proper basis for a departure under the guidelines."); *United States v. Polanco*, 53 F.3d 893, 897 (8th Cir. 1995) ("Disparity between sentences imposed on codefendants is not a proper basis for departure.").

To the extent Hilden contends that his counsel should have asserted that his sentence

violated the equal protection clause of the Fifth Amendment, the claim also fails. "The Constitution permits qualitative differences in meting out punishment and there is no requirement that two persons convicted of the same offense receive identical sentences." *Williams v. Illinois,* 399 U.S. 235, 243 (1970); *accord United States v. Lawrence,* 179 F.3d 343, 347-48 (5th Cir. 1999). As Justice Black observed a half-century ago, the "prevalent modern philosophy of penology [is] that the punishment should fit the offender and not merely the crime. The belief no longer prevails that every offense in a like legal category calls for an identical punishment. . . ." *Williams v. New York,* 337 U.S. 241, 247 (1949). More recently, the Eighth Circuit Court of Appeals held that: "A defendant cannot rely upon his co-defendant's sentence as a yardstick for his own; a sentence is not disproportionate just because it exceeds a co-defendant's sentence." *United States v. Granados,* 962 F.2d 767, 774 (8th Cir. 1992). Moreover, petitioner Hilden cannot demonstrate that co-defendant Puente was similarly situated to him. Significantly, while petitioner Hilden's criminal history contained several offenses that carried with them the potential for violence, co-defendant Puente's criminal history did not. In addition, defendant Puente's sentence differs from petitioner Hilden's, in part, because defendant Puente was eligible for a downward departure for which petitioner Hilden was ineligible. Petitioner Hilden has failed to show any prejudice arising from his counsel's failure to appeal based on sentence disparity. Therefore, petitioner Hilden is also not entitled to relief on this claim.

### 6. *Jail credit*

Petitioner Hilden also contends that the "Court failed to address the issue of 'jail credit' in its judgment." Respondent argues that petitioner Hilden must pursue such a claim through administrative remedies. Under 18 U.S.C. § 3585, a defendant should "be given credit toward the service of a term of imprisonment for any time he [or she] has

15

spent in official detention prior to the date the sentence commences [if the official detention was] a result of the offense for which the sentence was imposed. . . ." 18 U.S.C. § 3585(b)(1). The Eighth Circuit Court of Appeals has instructed that:

> [T]he Attorney General, through the Bureau of Prisons, has the responsibility for computing a sentencing credit under [18 U.S.C. § ] 3585(b). *United States v. Wilson,* 503 U.S. 329, 334-35, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992). . . . The Bureau of Prisons is responsible for computing the sentence credit after the defendant has begun serving his [or her] sentence. *Wilson,* 503 U.S. at 335; *see also United States v. Moore,* 978 F.2d 1029, 1031 (8th Cir. 1992). Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and, after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241. *Wilson,* 503 U.S. at 335; *United States v. Pardue,* 363 F.3d 695, 699 (8th Cir. 2004). These are the proper avenues through which [a defendant] may resolve any dispute about the length of his [or her] time in state custody.

*United States v. Tindall,* 455 F.3d 885, 888 (8th Cir. 2006).

Here, petitioner Hilden does not allege that he has fully exhausted the appropriate administrative remedies available to him and his claim is not properly before the court pursuant to 28 U.S.C. § 2241. Accordingly, because this claim is not properly before the court, it does not constitute a cognizable claim for relief.

### 7. *Meaningful adversary testing*

Petitioner Hilden further contends that his counsel "failed to subject any aspect of this case to fair adversarial testing. . ." Petitioner's § 2255 Motion at 5. Respondent argues that the record contains ample evidence that defense counsel subjected the prosecution's case to meaningful adversarial testing.

A criminal defendant's Sixth Amendment right to counsel is violated, and prejudice is presumed, where defense counsel fails utterly to test the prosecution's case. *See United States v. Cronic*, 466 U.S. 648, 659 (1984). The Eighth Circuit Court of Appeals has explained that:

> In order for *Cronic*'s presumption of prejudice to apply, however, the failure of defense counsel must be complete. *See Freeman v. Graves,* 317 F.3d 898, 900 (8th Cir. 2003). "The defendant must assert counsel failed to oppose the prosecution throughout the proceeding as a whole, rather than at specific points." *Id.*

*Hunt v. Houston*, 563 F.3d 695, 706 (8th Cir. 2009).

In considering this issue, the court reviewed the pleadings filed in the case and the transcripts of petitioner Hilden's plea and sentencing. From this review, the court finds that petitioner Hilden's counsel, Ms. Forsyth, actively participated in all phases of the case and was present in the courtroom during both petitioner Hilden's plea and sentencing. Defense counsel researched case law on issues in the case, *see* Plea Tr. at 21, proposed a stipulated sentence within the guideline range and, when the prosecution would not agree to such a stipulation, negotiated a favorable sentencing agreement with the prosecution. The record reflects that petitioner Hilden's counsel zealously represented him at every stage of the case. Accordingly, the court concludes that the record in this case establishes that defense counsel subjected the prosecution's case to a meaningful adversarial test. Therefore, petitioner Hilden is also not entitled to relief on this claim.

### D. Certificate Of Appealability

Denial of petitioner Hilden's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement

for a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that petitioner Hilden has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Hilden's claims to be debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d

at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, petitioner Hilden does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

### III. CONCLUSION

For the reasons stated above, petitioner Hilden's *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Correct Sentence By A Person In Federal Custody is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 30th day of September, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA